Tenzin CHOEZOM, Petitioner,

v.

Michael B. MUKASEY, Respondent.

No. 08–0870–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2008.

---

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Achiezer Guggenheim, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Tenzin Choezom, a native of Tibet and citizen of the People's Republic of China, seeks review of a January 29, 2008 order of the BIA affirming the June 22, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tenzin Choezom,* No. A98 905 799 (B.I.A. Jan. 29, 2008), *aff'g* No. A98 905 799 (Immig. Ct. N.Y. City June 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We will vacate and remand for further proceedings if the agency's reasoning or fact-finding was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ In concluding that Choezom had not met her burden of proof to establish a well-founded fear of persecution based on her alleged harboring of a Tibetan political dissident, the IJ: (1) applied an erroneous legal standard for persecution, and (2) mischaracterized the evidence, raising concerns about the completeness and accuracy of his review of the record. These errors require remand to the agency.

First, the IJ erred when he concluded that Choezom's husband's detention for harboring the dissident was not persecution (and therefore could not support Choezom's alleged fear of persecution) because "[d]etention by itself without other proof [of] threats, physical violence and gross intimidation can not rise to the level of persecution." *See Xu Sheng Gao v. U.S. Att'y Gen.,* 500 F.3d 93, 98 (2d Cir. 2007) ("[T]he arrest and detention of individuals for selling books containing politically disfavored views can constitute persecution on account of political opinion."); *Manzur,* 494 F.3d at 291 ("If the IJ meant to suggest that a showing of physical harm is always required to demonstrate persecution, this conclusion was error. No such requirement has ever been established."). While we express no opinion as to whether

Choezom's husband's treatment amounted to persecution or suggests that Choezom would be persecuted, the IJ's application of an erroneous legal standard warrants remand. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003), *abrogated on other grounds by Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (per curiam).

Second, the IJ erred when he stated that the record contained no evidence that Choezom's husband was mistreated beyond his four-month detention and that there was nothing in the record to suggest that Choezom would be persecuted if she returned to Tibet. In explaining his reasoning, the IJ noted that Choezom's letter from her parents in Tibet gave no indication that Choezom's husband had been harmed or mistreated while in custody. Although the IJ referred throughout his decision to a single letter, Choezom's parents actually wrote two letters, both of which were included in the record.

In the second letter, Choezom's parents wrote that her husband had been "badly treated" by the Chinese authorities during his detention. They further stated that Chinese officials had not only "questioned" them about Choezom's whereabouts but also physically beat them and that, as a consequence, they were "always scared." In analyzing the evidence, the IJ made no mention of Choezom's parents' claims that Choezom's husband had been "badly treated," or that they had been "physically beaten" by the Chinese authorities.

In addition, the IJ reached his conclusion without addressing the background evidence concerning the treatment of Tibetans by the Chinese government that Choezom submitted. Some of this evidence was potentially probative of a well-founded fear of persecution, either because it supported Choezom's claim that she would be singled out based on her alleged-

ly imputed political views or because it was relevant to whether China engaged in a pattern or practice of persecuting Tibetan separatists. *See* 8 C.F.R. § 208.13(b)(2)(iii)(A).

For example, the 2004 State Department Country Report for China suggested that Chinese "[a]uthorities [in Tibet] continued to commit serious human rights abuses, including . . . torture, arbitrary arrest, detention without public trial, and lengthy detention of Tibetans for peacefully expressing their political . . . views." The State Department Report also noted that some Tibetans who had been repatriated "reportedly suffered torture, including electric shocks, exposure to cold, and severe beatings, and were forced to perform heavy physical labor."

Although we ordinarily presume that an IJ has taken into account all the evidence before him, the record in this case "compellingly suggests" otherwise. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006). Thus, the errors in the IJ's persecution analysis require remand as to Choezom's claims for asylum and withholding of removal. The failure of the IJ to address the background evidence detailing torture of Tibetan political dissidents also requires remand as to Choezom's CAT claim.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.